FILED

OCT 18 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:17CR473 JAR/DDN |
| RANDY O'GORMAN, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury Charges:

### INTRODUCTION

At all times material to this indictment:

1. The defendant, Randy O'Gorman, was a citizen of the United States and resided in the Eastern District of Missouri during the time period set out in this Indictment.

### THE SCHEME

2. Beginning in or about 2015, and continuing into 2017, in the Eastern District of Missouri, the defendant, Randy O'Gorman, did knowingly devise, and intended to devise, a scheme to defraud and to obtain money from persons who were induced, directly and indirectly, to provide money to the defendant based on the defendant's false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3. It was part of the scheme and artifice to defraud and obtain money that Randy O'Gorman induced at least three individuals ("victims") into giving him money on the representation that the money was intended to pay O'Gorman's "attorneys' fees" in connection with fictitious

litigation and on the promise that he would repay the money to individuals after he received a financial settlement.

4. It was further part of the scheme that Randy O'Gorman knowingly, and with the intent to defraud, made materially false and fraudulent pretenses, representations and promises to victims including that:

   a. Randy O'Gorman was attempting to obtain financial settlements in ongoing litigation;

   b. Randy O'Gorman had secured a substantial sum of money with two attorneys, one located in Dallas and one in St. Louis;

   c. Randy O'Gorman owned a roofing company with locations in Missouri, Texas, Oklahoma and Florida;

   d. Randy O'Gorman was able, in his capacity as the owner of the roofing company, to sell shares of stock in the company;

   e. Shares of stock in the roofing company with which Randy O'Gorman had no employment or ownership relationship would pay dividends of $1,000 per month;

   f. Randy O'Gorman had access to significant cash reserves.

5. It was further part of the scheme that Randy O'Gorman requested that at least one of his victims create a fraudulent contract indicating that the money she was transferring to him would be used for gambling, despite the fact that O'Gorman had represented to the victim that the money would be used to pay his attorneys' fees.

6. It was further part of the scheme that Randy O'Gorman collected money from his victims in the form of personal checks and wire transfers.

## Count One

Wire Fraud

(Violation of 18 U.S.C. §1343)

1.  The Grand Jury hereby adopts, realleges, and incorporates by reference herein, all the factual allegations set forth in paragraphs 1-6 of this Indictment.

2.  On or about January 4, 2016, in the Eastern District of Missouri,

**RANDY O'GORMAN,**

the defendant herein, for the purposes of executing and carrying on this scheme to defraud, and attempting to do so, did knowingly and with the intent to defraud, cause to be transmitted in interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a wire transfer of money and funds, in the sum of $1,400, from Walmart Store Number 467 in Denton, Texas, using MoneyGram Payment Systems' wire-transfer service, to Walmart Store Number 243 in Wentzville, Missouri.

In violation of Title 18, United States Code, Section 1343.

## Count Two

Wire Fraud

(Violation of 18 U.S.C. §1343)

The Grand Jury further charges:

1.  The Grand Jury hereby adopts, realleges, and incorporates by reference herein, all the factual allegations set forth in paragraphs 1-6 of this Indictment

2.  On or about February 26, 2016, in the Eastern District of Missouri,

**RANDY O'GORMAN,**

the defendant herein, for the purposes of executing and carrying on this scheme to defraud, and attempting to do so, did knowingly and with the intent to defraud, cause to be transmitted in

interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a wire transfer of money and funds, in the sum of $1,620.00, from Walmart Store Number 2926 in Plano, Texas, using MoneyGram Payment Systems' wire-transfer service, to Walmart Store Number 243 in Wentzville, Missouri.

Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts One and Two, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____
FOREPERSON

JEFFREY B. JENSEN
Acting United States Attorney


_____
Gwendolyn Carroll
Assistant United States Attorney